IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| J.R., a minor, by his parents and next friends ANALISA and JOE R. § § § § § D.J., a minor, by his parents and next friends LAURIE and DAMON J. § § § § § A.T., a minor, by her parents and next friends ANDREA and CLINT T. § § § § § G.S., a minor, by her parents and next friends JARIN and SEAN S. § § § § § A.S., a minor, by his parent and next friend MARIA N. § § § § PLAINTIFF Disability Rights Texas, § § § *Plaintiffs* § § v. § § AUSTIN INDEPENDENT § SCHOOL DISTRICT, § § *Defendant* § | **CIVIL ACTION NO.: 1:21-cv-279** |

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION**

Austin Independent School District ("Austin ISD") opposes Plaintiffs' motion for preliminary injunction by relying on the standing and exhaustion arguments raised in its Motion to Dismiss, mischaracterizing the relief requested by Plaintiffs, exaggerating the alleged progress made on the delayed evaluations to date, and claiming that any delay in ultimately providing special education services can always be made up later through compensatory services.

Plaintiffs incorporate their response to Defendant's Motion to Dismiss by reference and will not repeat those arguments for the sake of efficiency. Plaintiffs' requested relief merely requires Austin ISD to continue its contracts over the summer, to engage with outside contractors (which it now claims to be doing), and to recognize outside evaluations until Austin ISD completes its own evaluations. Austin ISD has not progressed on its backlog of evaluations, which continues to worsen over time. Students whose evaluations are illegally delayed continue to suffer irreparable harm for which later compensatory education services are no substitute. Plaintiffs have met the standard for a preliminary injunction, and the requested relief is necessary to stop the irreparable harm caused by Austin ISD's ongoing failure to timely evaluate children.

**A.    Austin ISD Mischaracterizes the Requested Injunctive Relief**

Austin ISD exaggerates the limited scope of this lawsuit and the injunctive relief sought, arguing that Plaintiffs seek "for this Court to take over managing the District's special education department." Dkt. 21 at 1. They also claim Plaintiffs ask the Court to "order people to work for the district." Dkt 21-1, at 10. This is not correct. Plaintiffs' requested relief in the Motion for a Preliminary Injunction is narrowly tailored to expedite initial evaluations using staff and contractors, honor outside evaluations until the district can conduct its own assessments, require summer contracts be available to evaluation staff, and convene ARD meetings within 15 calendar days of completing each evaluation to determine eligibility and to develop an individualized education plan. Dkt. 14 at 11. The requested relief is focused on preventing irreparable harm to students with disabilities who have been improperly denied services for weeks and months.

**B.    Austin ISD has Not Progressed In Resolving Its Evaluation Delays**

In October 2020, DRTx filed a Complaint with TEA about the growing number of evaluation delays and allowed Austin ISD ample time to make improvement, but the backlog in

initial evaluations continued to compound. *See* Plaintiffs Response to Motion to Dismiss at 7-10.[1] Austin ISD did not present the full picture of its supposed progress on delayed evaluations; it omitted data reported to TEA on March 31, 2021 showing that AISD's promised progress on evaluations has not materialized. AISD had only completed 34% of the 624 evaluations, and AISD once again notified TEA that it would not meet the initial schedule for corrective action. *Id*. On April 30, 2021, Austin ISD publicly acknowledged that there are now <u>over 900 students</u> currently waiting for evaluations. *Id*. Defendants did not mention this fact in their response.

Additionally, in her affidavit, Chief Academic Officer Elizabeth Casas discusses how Austin ISD is attempting to restructure the special education department. Dkt. 21-2 at 4. But Ms. Casas failed to acknowledge that on April 30, 2021, Austin ISD notified <u>all</u> evaluation personnel that their contracts were not being renewed, their positions were being eliminated, and their employment would end on June 30, 2021.

Ms. Casas also includes information about Austin ISD's new contract with Assessment Intervention Management ("A.I.M.") to provide "up to 100 qualified evaluators to assist in the completion of evaluations." Dkt. 21-2, at 4. While this could be a positive development (and is consistent with the relief sought by Plaintiffs), it is troubling there is no information regarding the number of evaluations for which Austin ISD has contracted, how many of the potential evaluation professionals are working full time on Austin ISD evaluations, whether the contract allows for overtime pay for evaluators who are able to assist with the evaluation backlog, the actual duration of the contract, and what work, if any, will be allowed during the summer. Plaintiffs' requested relief would require overtime and summer work until the backlog has been completed.

AISD also insists that every impacted student must exhaust their administrative remedies

---

[1] Plaintiffs' Response to Defendant's Motion to Dismiss is being filed at the same time as this Reply and Plaintiffs incorporate the Response and its accompanying exhibits by reference.

individually and should file their own administrative complaint or litigation to receive an evaluation and obtain compensatory education. Dkt. 21 at 3. Austin ISD claims that families who haven't filed their own hearing requests or state special education complaints "created their own injury." *Id*. This attempt to shift the blame to parents of students with disabilities for the harms the District has inflicted and refuses to adequately address demonstrates the necessity of the court's intervention to prevent irreparable harm to the children waiting for evaluation. *See DL v. D.C.,*, 860 F 3d 713 (D.C. Cir. 2017) (rejecting as "preposterous" the argument that all IDEA claims ought to be handled individually, even when there are systemic violations of Child Find).

C.  **The Delays in Evaluations Inflict Imminent Irreparable Injury that Cannot Be Fully Remedied by Delayed Compensatory Education Services Provided After the Fact**

Austin ISD claims that compensatory education "is well-suited to remedying any harm a student may suffer from a delayed evaluation." Dkt. 21 at 5.[2] In support, Austin ISD cites a number of cases that define compensatory education, describe it as an equitable remedy, and determine the amount appropriate for an individual student. Dkt 21-1 at 3-5. But none of the cited cases involve systemic requests for injunctive relief or suggest that the availability of compensatory education services precludes a finding of irreparable harm.

In *A.O. v. El Paso ISD*, the court noted that a student who was waiting for services "was in her formative years and has previously been assessed as requiring special needs. The Court is well aware the delay in conducting the due process hearing up to this point may have caused Plaintiff irreparable injury." No. 07-CA-243, 2009 WL 10703745, at *5 (W.D. Tex., April 30, 2009). Other

---

[2] AISD's Affidavit by Chief Academic Officer Elizabeth Casas discusses a plan to address delayed evaluations, but makes no mention of instructing ARD Committees for impacted students to discuss compensatory education. Dkt. 21-2. Austin ISD only points out that the student's ARD Committee "can" consider the need. Dkt. 21 at 5. The district does not contest the accuracy of Ms. Catherine Huntley's declaration that Austin ISD's ARD committees are not discussing compensatory education for impacted children. Dkt. 14 at 6.

courts have also found that the delay and denial of FAPE is irreparable, regardless of the availability of after-the-fact compensatory education or money damages. *See, e.g., Cosgrove v. Bd. of Educ. of Niskayuna Cent. Sch. Dist.,* 175 F. Supp. 2d 375, 392–93 (N.D.N.Y. 2001) (finding it "almost beyond dispute that wrongful discontinuation of a special education program . . . subjects that student to actual irreparable harm" and "[t]he make-whole approach of compensatory education cannot replace that which a student was entitled to receive in earlier life"); *Blackman v. D.C.*, 277 F. Supp. 2d 71, 79–80 (D.D.C. 2003) (reasoning that "[w]hile a month in the life of an adult may be insignificant, at the rate at which a child develops and changes, especially one at the onset of biological adolescence with or without special needs like those of our plaintiff, a few months can make a world of difference in the life of that child").

Austin ISD points out that Plaintiff A.T.'s evaluation did not find her eligible. This confuses the issues: A.T. being found ultimately ineligible for special education did not impact her legal right to receive a timely evaluation. Even students like A.T. who are not eligible for special education benefit from receiving and understanding the results of the assessment, the recommendations for the student, and frequently other interventions, which may then become available, such as Section 504 services. And they are entitled to know those findings within the timeline set by the law.

Austin ISD also downplays the harm of delayed assessment to students with behavioral and emotional disabilities by pointing to the protections for students waiting on assessment from disciplinary removal of ten days or more. Dkt. 21-1 at 7. This ignores the other harms of delayed services for students with behavioral concerns, which can lead to secondary issues including anxiety, depression, embarrassment, dislike of school, and more serious behaviors. *See* Dkt. 14 at 7.

Compensatory education is a valuable remedy where necessary to compensate for injury already inflicted. However, the relief requested to ameliorate the evaluation backlog and ensure services be timely provided based on outside assessments will prevent ongoing irreparable injury

and substantially reduce the total amount of future compensatory education services, which are not a substitute for providing services and supports in real time.

### D. The Responsibilities of a State Education Agency Do Not Eliminate Need for Action

Austin ISD cites to various cases about a state education agency's responsibility for special education oversight. Dkt. 21-1 at 10. None of these cases suggest that a state education agency's responsibilities preclude families from seeking relief from the responsible school district. Additionally, DRTx has attempted to utilize the state complaint system. TEA did resolve the issue and the backlog has only worsened, despite Austin ISD's continued representations and promises to TEA that it would complete the backlog (first by April 15, now by June 30).

### E. Defendants Argue for "Significant Monetary Bond"

Defendant is a publicly funded school district required to provide evaluations to students with disabilities within certain timeframes under the law. Since this lawsuit was initiated, Austin ISD claims it has already contracted with A.I.M. to provide "up to 100 qualified evaluators to assist in the completion of evaluations from now until the evaluations are complete." Dkt. 21-2 at 5. If that is true, Austin ISD has failed to identify any reason that complying with the injunctive relief would pose any significant cost to support their request for a "significant monetary bond." *Id.*

### CONCLUSION

For the above reasons, Plaintiffs respectfully request that a preliminary judgement be entered against Austin ISD.

Respectfully submitted,

*/s/ David M. Peterson*
**David M. Peterson**
Attorney-in-charge
Texas Bar No. 24056123
Email: dpeterson@susmangodfrey.com
**Neal S. Manne**
Texas Bar No. 12937980

8151931v1/017135

Email: nmanne@susmangodfrey.com
**SUSMAN GODFREY L.L.P.**
(713) 653-7873 (phone)
(713) 654-6666 (fax)

**Dustin Rynders**
Texas Bar No. 24048005
Email: drynders@drtx.org
**DISABILITY RIGHTS TEXAS**
1500 McGowen, Suite 100
Houston, Texas 77004
(713) 974-7691 (phone)
(713) 974-7695 (fax)

**L. Kym Davis Rogers**
Texas Bar No. 00796442
Email: krogers@drtx.org
**DISABILITY RIGHTS TEXAS**
1420 W. Mockingbird Lane, Suite 450
Dallas, Texas 77004
(214) 845-4045 (phone)
(214) 630-3472 (fax)

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on May 12, 2021, I caused the foregoing Plaintiffs' Reply in Support of Motion for Preliminary Injunction to be served via the Electronic Case Filing (ECF) system in the United States District Court for the Western District of Texas, on all parties registered for CM/ECF in the above-captioned matter.

*/s/ David M. Peterson*
**David M. Peterson**